# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARTIN D. BURNS, | : | |
| Plaintiff, | : | Case No. 3:07CV018 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. INTRODUCTION

This is an employment discrimination action brought by Plaintiff, Martin D. Burns against Defendant, John E. Potter, Postmaster General. Defendant moves this court to dismiss Plaintiff's Third Claim for Relief, pursuant to Fed. R. Civ.P. 12(b)(1), for lack of subject matter jurisdiction and also moves to strike Plaintiff's demand for punitive damages, pursuant to Fed. R. Civ. P. 12(f). (Doc. # 8). Plaintiff has not responded to this motion.

In 1993, Plaintiff started his employment with the United States Postal Service as a Laborer Custodian. (Doc. # 1 at ¶2). On July 7, 2006, Defendant removed Plaintiff from its employ. (Doc. # 1 at ¶19).

On January 16, 2007, Plaintiff filed a civil action against Defendant alleging that his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

removal violated the Rehabilitation Act. (Doc. # 1, First and Second Claims for Relief). He also has asserted an intentional infliction of distress tort claim against Defendant in connection with his removal. (Doc. # 1, Third Claim for Relief).

Among the remedies Plaintiff seeks for these alleged violations of the Rehabilitation Act and for the alleged intentional infliction of emotional distress, are punitive damages. (Doc. 1, ¶¶30, 35 and 41).

## II. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED

In his Third Claim for Relief, Plaintiff asserts an intentional infliction of emotional distress claim against John E. Potter, in his capacity as the Postmaster General of the United States Postal Service. Defendant argues that this tort claim is subject to dismissal for lack of subject matter jurisdiction because, under the Federal Tort Claims Act ("FTCA"), the proper defendant in a tort action against the federal government or any of its agencies is the United States of America and not any individual federal agency. This contention is well taken.

It is well settled that the FTCA is the exclusive means for a plaintiff to sue the United States in tort. *Johnston v. O'Neill*, 130 Fed. Appx. 1, 12 (^th Cir. 2005). Moreover, in *Folley v. Henderson*, *United States Postal Service,* 175 F. Supp. 2d 1007, 1114 (S.D.Ohio 2001)(Rice, J), this Court held that the central requirement of the FTCA is that tort "actions must be initiated against the United States itself, rather than against a federal agency." *See also, Salt Laick Bancorp v. FDIC,* 187 Fed. Appx. 428, 235 (6th Cir. 2006)("[T]he remedy provided by the FTCA...is exclusive, which means that, in such cases, the federal agency canot be sued in its own name…"); and, *Good v. Ohio Edison Co.,* 149 F.3d 413, 418 (6th Cir. 1998)("[A]n FTCA action naming only the United States Post Office and several individual postal workers as defendants

must be dismissed for lack of jurisdiction because the United States of America is the only proper defendant in such an action").

In *Folley,* a Postal Service employee challenged his removal by filing suit in federal district court alleging that he was a victim of workplace discrimination.  Plaintiff also asserted a claim against the Postmaster General and the Postal Service for intentional infliction of emotional distress, as well as other tort related claims.  District Judge Rice found that naming the Postmaster General, rather than the United States, as the defendant in the tort claims created a jurisdictional defect that must result in the dismissal of those claims:

> "the Court agrees that it lacks jurisdiction over her emotional distress, negligent retention and negligent supervision claims against the Postmaster General. In short, these claims against the government are governed by the FTCA, under which a plaintiff must sue the United States rather than a federal agency." (*Id.* at 1016).

By naming the Postmaster General rather than the United States as the defendant in his intentional infliction of emotional distress claim, Plaintiff makes the same jurisdictional error that plaintiff in *Folley* made.  Therefore, the Third Claim for Relief in Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

### III. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES

Defendant next moves the Court to strike Plaintiff's punitive damages claim pursuant to Civil Rule 12(f). That Rule provides that, upon proper motion or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In *Brown v. Potter, United States Postal Service,* 2005 U.S. Dist. LEXIS 36603  at *14 (W.D.Mich. August 30, 2005), a "court may utilize this rule to strike a claim for damages that is improperly contained in the plaintiff's complaint."

Punitive Damages are not recoverable against a Federal Agency under The Rehabilitation Act. In *Robinson v. Runyon, United States Postal Service,* 987 F.Supp. 620, 624 (N.D.Ohio 1997), the court dismissed a punitive damages claim brought against the Postal Service in a Rehabilitation Act action stating:

> "Under 29 U.S.C. §794a(a)(1), the remedies available to a Rehabilitation Act plaintiff are the same remedies available under Title VII, 42 U.S.C. §2000e et. seq.  Title VII plaintiffs may not, under 42 U.S.C. §1981a(b)(1), recover punitive damages against federal agencies.  Therefore. . .because the Rehabilitation Act does not provide for punitive damages against government agencies, plaintiff cannot recover such damages."

*See also, Lengen v. Department of Transportation,* 903 F.2d 1464, 1468 (11th Cir. 1990) (upholding dismissal of a federal employee's demand for punitive damages because the Rehabilitation Act does not provide for punitive damages.) Since Plaintiff may not recover punitive damages under the Rehabilitation Act, his demand for such damage should be stricken.

Additionally, the FTCA does not provide for punitive damages. The FTCA states, in relevant part, that "[t]he United States…shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. §2674; *See also, Kirchgessner v. United States,* 958 F.2d 158, 159 (6th Cir.  1992) (Stating that punitive damages are not a remedy under the FTCA); *Miller v. American President Lines,* 989 F.2d 1450, 1457 (6th Cir. 1993)(Holding that "[t]he Federal Tort Claims Act also explicitly excludes punitive damages."). Accordingly, Plaintiff's demand for punitive damages for the alleged intentional infliction of emotional distress, should also be stricken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress Claim and Motion to Strike Plaintiff's demand for punitive damages (Doc. # 8) be GRANTED.


February 21, 2008                                        s/Sharon L. Ovington
                                                            Sharon L. Ovington
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).